Filed 3/14/13  In re Destiny M. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re DESTINY M. et al., Persons Coming Under the Juvenile Court Law. | B242166<br>(Los Angeles County<br>Super. Ct. No. CK10689) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>YVONNE G.,<br><br>     Defendant and Appellant;<br><br>DESTINY M. et al.,<br><br>     Appellants. | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on February 21, 2013, be modified as follows:

1.  On page 13, last sentence of the second full paragraph beginning with "That issue" is deleted and the following sentence is in inserted in its place:

That issue therefore is moot as to the four older children.

2. On page 13, after the second full paragraph, the following paragraphs are to be inserted:

As to Miracle, who was in a separate medical placement, the November 16, 2012 minute order indicates that another DCFS report dated the same day was considered by the court. The November 16 order continued the matter to December 12, 2012 for a receipt of a supplemental report, and to December 14, 2012 for a section 388 hearing to consider the supplemental report with further investigation of Miracle's caregiver and recommendations from DCFS regarding Mother's section 388 petition as to Miracle. No party has requested that we take judicial notice of these or any other further reports, hearings, or minute orders regarding Miracle. We thus have information subsequent to the filing of this appeal only as to the four older daughters.

A separate interim report for Miracle on the date of the May 31, 2012 section 388 hearing noted that Miracle was thriving in her placement, her caregiver Velinda wished to adopt her, and Miracle told the social worker that she wants to stay with Velinda although she misses her sisters. Velinda would encourage visitation with the four older children and would accept monitored visitation with Mother if Miracle requested it. A last minute information the same date indicated that Mother would see Miracle at a DCFS office once a month for two hours. Children's Hospital reported that Miracle missed a number of appointments, had several urinary tract infections, and received poor care while she was in Mother's custody. No such care issues had arisen while Miracle was in the care of Velinda.

At the May 31 hearing, Miracle's counsel argued that no change of circumstances had taken place in terms of Mother's ability to take care of Miracle's special needs, especially given that Mother continued to deny that Miracle had suffered urinary tract infections. Counsel for DCFS and counsel for the four other children agreed that Miracle was differently situated. Mother's counsel stated, "My client is not asking for Miracle home today," but rather for more visits and reunification services.

2

The court recognized that Mother's likelihood of relapse especially affected Miracle because of her special needs, before denying the section 388 petition as to all five children (although the court also allowed Mother access to Miracle's medical appointments as one of the things that needed addressing "if we are going to have a successful 388 for [Mother] in the future.")[5]

This denial of the section 388 petition's request for reunification services as to Miracle was not an abuse of discretion. Mother did not show an genuine change of circumstances as to Miracle, continuing to deny the medical problems that arose when Miracle was in Mother's care. Unlike the older four children, Miracle was thriving in her placement and did not express a desire to return to Mother's care. Mother's counsel expressly declined to request that Miracle be returned to Mother's home. Further, Mother did not demonstrate that granting the section 388 petition and providing reunification services at the time of the hearing would be in Miracle's best interests.

There is no change in the judgment.

The petition for rehearing is denied.

_____

MALLANO, P. J.               CHANEY, J               JOHNSON, J.

_____

[5] At a subsequent section 366.26 hearing on a permanent placement plan, the court continued the hearing, noting that DCFS was recommending termination of parental rights as to Miracle and wanted a continuance to complete the home study for Miracle's adoption.